## FITZPATRICK V. THE STATE.

1. CRIMINAL LAW: *Selling Liquor without license: Proof of particular day.*
   In prosecutions for the sale of liquor without license, it is not necessary to prove a sale on the particular day named in the indictment. Proof of a sale at any time within twelve months before the finding of the indictment is sufficient.

APPEAL from *Lincoln* Circuit Court.
Hon. X. J. PINDALL, Circuit Judge.

### STATEMENT.

Indictment for selling whisky in less quantity than one quart, without license.

The State proved the sale without license, within twelve months next before the finding of the indictment, but did not prove a sale on any particular day. The court instructed the jury that the State was not required to prove a sale on the particular day named in the indictment. To this the defendant excepted, and, being convicted, has regularly brought the question to this Court, by appeal.

*J. M. Cunningham*, for appellant:

The *time* was an essential description and material ingredient of the offense, and must be strictly proven. 1 *Greenleaf Ev*, 56; *Ree* v. *Johnson*, *M. & S.*, 548; *1 Arch. Cr. Pr.*, 85, 119; 1 *Bish. Cr. Pr.*, 237. If the precise day of the fact be a necessary ingredient of the offense, it must be truly stated. *Petersdorf's Ab.*, *title "Indictments*," 324 note. See, also, 1 *Bish. Cr. Pr.*, 268; *Dennon* v. *State*, 29 *Ark.*, 42.

*C. B. Moore, Attorney General,* for the State.

The court properly instructed the jury, and the verdict and judgment were in accordance with law and the evidence.

### OPINION.

HARRISON, J.  The day upon which the liquor was sold was not a matter essential to the description of the offense. It could as well be committed on one day as another. In the case of *Marre* v. *The State,* 36 *Ark.,* 222, which was a prosecution for Sabbath-breaking, it was decided that the State, in proving the offense, was not confined to any particular Sabbath within the period of limitation. It was, therefore, not necessary to prove that the sale was on the day named in the indictment, and the instruction was, therefore, correct, and the verdict sustained by the evidence.

Affirmed.